## Case No. 14,332.
### The UNADILLA.
[8 Ben. 478.] [2]
District Court, N. D. New York.   June, 1876.

MARITIME LIEN — SUPPLIES TO VESSEL IN HER HOME PORT—STATE LAW.

1. The lien, given by the laws of the state of New York (Sess. Laws 1862, c. 482), for supplies furnished to a vessel in her home port is valid and enforceable in the admiralty, the vessel being of twenty tons burden and upwards, enrolled and licensed for the coasting trade, and employed in the business of commerce and navigation between different states upon the lakes and navigable waters connecting them.

2. Such a lien must prevail over the title of a purchaser of the vessel who has bought her without notice of the lien.

3. Case of The Edith [Case No. 4,283] criticised.

In admiralty.

WALLACE, District Judge. This case presents the question whether a lien given by the laws of New York (chapter 482, Laws 1862), for supplies furnished a vessel in her home port can be enforced in rem in this court, the vessel being of twenty tons burden and upwards, enrolled and licensed for the coasting trade, and employed in business of commerce and navigation between ports and places in different states upon the lakes and navigable waters connecting the lakes. If the statute confers a valid lien, inasmuch as the cause of action is founded on a maritime contract, and the court has therefore jurisdiction of the controversy, the admiralty will enforce the lien given by the local law. The St. Lawrence, 1 Black [66 U. S.] 522; Peyroux v. Howard, 7 Pet. [32 U. S.] 321; The New Orleans v. Phœbus, 11 Pet. [36 U. S.] 275. Prior to the amendment of the 12th admiralty rule by the supreme court in 1859, it had been the common practice of the district courts to issue process in rem for the enforcement of such liens. The rule was amended, for reasons of policy stated briefly in Maguire v. Card, 21 How. [62 U. S.] 251, and more fully stated by Judge Taney in The St. Lawrence, 1 Black [66 U. S.] 527, and thereby process in rem in such cases was denied. The amendment to the 12th rule, promulgated by the supreme court in May, 1872, restores the right to process in rem; and as stated in The Lottawana, 21 Wall. [88 U. S.] 581, the rule of 1844 is restored so far as to give material men the right to enforce their liens; and when the lien exists, no matter by what law it is created, all obstacles to a proceeding in rem are now removed.

Whether or not the lien given by the act of 1862 is valid, depends upon the constitutionality of that act. That the act transcends the legislative power of the states, so far as it attempts to transfer to the state courts the power to enforce maritime causes of action by remedies unknown to the common law, and thus encroaches on the admiralty jurisdiction vested exclusively in the district courts, is clear both upon principle and authority. But that the act is wholly void does not follow. A statute may be void in part and valid in part, and those provisions which are unconstitutional will not vitiate those which are lawful unless all are so mutually co-operative and dependent

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

upon each other as to possess no independent vigor. Of the several sections of this act, one creates a lien while others provide the procedure and remedy for its enforcement. An amendment of the sections conferring the remedy would remove all the obnoxious features of the act. The lien created is not made to depend upon the remedy, but the remedy depends upon the lien. If the section creating the lien was void for unconstitutionality, doubtless the sections giving the remedy would be void also, because there would be nothing upon which they could operate; but, if the remedy were taken away, the lien would not be inoperative. Where a statute creates a right, and prescribes the remedy to enforce it, doubtless the party is confined to the statutory remedy; but, when no remedy is prescribed, the party to whom the right is given may enforce it by any appropriate action at common law. Ewer v. Jones, 2 Salk. 415; Dudley v. Mayhew, 3 N. Y. 9.

But assuming that the right and remedy are so inseparable and dependent that one cannot exist without the other, the act is operative over a class of cases within the legitimate legislative control of the states. A law may be unconstitutional and of course void, in relation to particular cases, and yet valid for all purposes in its application to other cases within the scope of its provisions but varying from the former in particular circumstances. Golden v. Prince [Case No. 5,509]; Bank of Hamilton v. Dudley, 2 Pet. [27 U. S.] 526. The act is unobjectionable in its operation over all transactions which are not cognizable in the admiralty; and, as will hereafter appear, as to vessels engaged in navigating the lakes, is to be given full effect. And for this reason the court of appeals of New York has held the statute constitutional, and sustained it, both as to the lien and the remedy, except in its application to causes of action exclusively cognizable in the district court. Sheppard v. Steele, 43 N. Y. 52; Brookman v. Hamill, Id. 554. I am aware that Judge Woodruff expressed a contrary opinion in the case of The Edith [Case No. 4,283], but he was considering its effect where the attempt was to apply the act to afford a lien for a cause of action purely maritime, and in which he held that under the 12th admiralty rule, as it then existed, the lien, if valid, could not be enforced in the district court. It was not necessary to decide the question now presented; and in its present aspect it was not presented for his consideration. As to vessels engaged in navigating the lakes the act is valid in all its provisions. The act of congress of 1845 [5 Stat. 726], extending the jurisdiction of the district courts in admiralty to cases arising upon the lakes and navigable waters connecting the same, does not confer exclusive jurisdiction upon these courts, but contains a limitation upon such jurisdiction, "saving to parties the right of a concurrent remedy at the common law, where it is competent to give it and any concurrent remedy which may be given by the state law." The jurisdiction thus conferred is not exclusive, but is expressly made concurrent with such remedies as may be given by the state laws. The Hine v. Trevor, 4 Wall. [71 U. S.] 555. The remedies provided by the laws of the states may be enforced in their full vigor over vessels navigating the lakes.

These conclusions lead to a decree for the libellants. The statutory lien must prevail over the title of a purchaser who has paid the purchase money without actual notice of the lien.